**James Aguirre SERNA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74981.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.[*]

Filed Dec. 18, 2007.

James Aguirre Serna, Moreno Valley, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., R. Alexander Goring, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM [**]

James Aguirre Serna, a native and citizen of Colombia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where ... the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000) (internal citations omitted). We deny the petition in part, and we dismiss the petition in part.

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a). Substantial evidence supports the IJ's finding that Serna did not demonstrate eligibility for withholding of removal relief. *See Faruk v. Ashcroft,* 378 F.3d 940, 944 (9th Cir.2004). Accord-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ingly, we deny the petition for review as to Serna's asylum and withholding of removal claims.

We dismiss the petition as to Serna's CAT claim, because he failed to exhaust the claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

We also dismiss Serna's due process and equal protection contentions because he failed to exhaust these claims before the BIA. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.